## FREIDA C. MYERS
### vs.
## CITY OF HARTFORD

| Superior Court | Hartford County | File #54421 |
|---|---|---|

Present: Hon. ERNEST A. INGLIS, Judge.

H. H. Hunt,                        Attorney for the Plaintiff.

V. W. Dennis;
Harold Borden,                 Attorneys for the Defendant.

## MEMORANDUM FILED OCTOBER 20, 1936.

INGLIS, J. The complaint in this action alleges that the plaintiff was injured by reason of a nuisance in the form of a low strung rope maintained by the defendant City in Elizabeth Park which, it is alleged, is "owned, maintained and supervised" by the defendant.

The answer among other things denies that the park was owned, maintained and supervised by the City and then in a single special defense alleges that the Board of Park Commissioners "cared for, managed and conducted" the park and that in doing so it was engaged in the performance of its governmental duty. So far as the allegation that it was the Board of Park Commissioners who managed the park is concerned it is mere surplusage because it is incumbent upon the plaintiff to prove under her complaint that it was the City and if it should appear that the Board of Park Commissioners was an entity, distinct from the City, and that the control of the park was in that Board, the plaintiff would have failed to make out her case on her complaint irrespective of that affirmative allegation in the answer.

The demurrer is on the ground that the defense of governmental immunity does not apply in this case.

It is now well settled that, although the defense of governmental immunity is good as against a cause of action for negligence it is not good as against a cause of action for a nuisance which has been created by a City or its agents even though that nuisance came into being by reason only of negligence on the part of the City or its agents.

**Hoffman vs. Bristol, 113 Conn. 386.**

**Stoto vs. Waterbury, 119 Conn. 14.**

The complaint in this case does not allege negligence. It alleges a nuisance created and maintained by the defendant City. It clearly, therefore, is not one of the class of cases in which governmental immunity is a valid defense.

The demurrer is sustained on the ground therein stated.